IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.

RPM MANAGEMENT COMPANY
LLC, d/b/a Ozone Sports Bar,

    Defendant.

Case No. 2:09-cv-553

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE NORAH MCCANN KING

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for summary judgment (Doc. 14). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

### I. Background

On July 2, 2009, Plaintiff, Joe Hand Promotions, Inc., filed a complaint in this Court alleging three causes of action against Defendant, RPM Management Company LLC, doing business as Ozone Sports Bar. Count I alleges violation of the Communications Act of 1934, as amended, 47 U.S.C. § 605, et seq. Count II alleges violation of the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, et seq. Count III alleges a common-law claim of conversion. Specifically, Plaintiff alleges that Defendant intentionally intercepted and exhibited the transmission of the July 7, 2007 professional prize fight billed as "Ultimate Fight Championship 73: Stacked" ("UFC program") and that Defendant did so without license or permission from Plaintiff. Plaintiff seeks statutory damages, recovery of costs and attorneys' fees.

On November 3, 2009, Defendant filed an answer. Thereafter, counsel for Defendant filed a motion to withdraw, which was granted on February 26, 2010. Defendant, which as a

corporate entity may not proceed pro se, was ordered either to effect appearance of counsel or to show cause why default should not be entered by no later than March 19, 2010. Defendant failed to do either. Accordingly, entry of default was entered against Defendant on March 24, 2010. Plaintiff then filed the motion for summary judgment presently before the Court.[1] The time for Defendant's response to that motion has long since passed, and Defendant failed to respond or otherwise appear before the Court to request an extension or request other relief.

## II. Standard of Review

"[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his] initial burden". *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Accordingly, the Court will not grant Plaintiff's motion solely because Defendant has failed to respond, but rather will examine Plaintiff's filings to determine whether it is entitled to summary judgment.

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[2] "In considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

---

[1] Plaintiff has not applied for default judgment pursuant to Federal Rule of Procedure 55.
[2] Amendments to Rule 56 of the Federal Rules of Civil Procedure became effective on December 1, 2010; however, because Plaintiff filed its motion for summary judgment before that date, the Court relies upon the language in effect at that time.

2

that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6 th Cir. 2000) (quoting *Anderson*, 477 U.S. at 249). Nevertheless, "if the nonmoving party fail[s] to make a sufficient showing on an essential element of the case with respect to which the non-movant has the burden, the moving party is entitled to summary judgment as a matter of law." *Williams v. Ford Motor Co.*, 187 F.3d 533, 537 (6th Cir. 1999). *See also Tinsley v. General Motors Corp.*, 277 F.3d 700, 703 (6th Cir. 2000) ("There is no genuine issue for trial unless the nonmoving party has produced enough evidence for a jury to be able to return a verdict for that party.")

### III. Discussion

In support of its motion for summary judgment, Plaintiff provided an affidavit from the President of Joe Hand Promotions, Inc. describing in detail the factual circumstances giving rise to Plaintiff's complaint (Doc. 14, Ex. A); a copy of Plaintiff's sublicense fee schedule for establishments that want to televise UFC programs (Doc. 14, Ex. A); and an affidavit from Plaintiff's investigator, who witnessed the broadcast of the July 7, 2007 UFC program at Defendant's location at 1141 Worthington Woods Blvd., Columbus, Ohio, 43085 (Doc. 14, Ex. B). In light of this evidence and Defendant's failure to counter it in any measure, the Court, having reviewed the record in detail, finds that Plaintiff has established that it is entitled to summary judgment on its claims.

Title 47 of the United States Code, subsection 553(a)(1) provides that, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered

3

over a cable system, unless specifically authorized to do so by a cable operator or otherwise be specifically authorized by law." In addition, Title 47, United States Code, section 605 prohibits the unauthorized interception of radio communications, which courts have held apply to encrypted cable programming from satellite transmissions, such as the UFC program at issue int his dispute. See 47 U.S.C. § 605(a); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 914 (6th Cir. 2001) (noting, in support of its holding on a narrower ground, "the legislative history of the amendments to the Communications Act in 1984 and 1988 reveals that Congress intended to bring cable and satellite communications under the protection of the Act . . . "); *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (3d Cir 2001) ("[Section] 605 encompasses the interception of satellite transmissions 'to the extent reception or interception occurs prior to or not in connection with, distribution of the service over a cable system.' Once a satellite transmission reached a cable system's wire distribution phase, it is subject to § 553 and is no longer within the purview of § 605" (quoting H.R.Rep. No. 98-934, at 83, reprinted in 1984 U.S.C.C.A.N. at 4720)); *United States v. Norris*, 88 F.3d 462, 469 (7th Cir. 1996) ("cable programming transmitted over a cable network is not a 'radio communication' as defined in § 153(b), and thus its unlawful interception must be prosecuted under § 553(a) and not § 605."); *Joe Hand Promotions v. Easterling*, No. 4:08CV1259, 2009 WL 1767579 (N.D. Ohio June 22, 2009) (Section 605(a) "prohibits unauthorized interception of satellite communications" whereas 553 "governs the unauthorized interceptions of cable service").

Both statutes allow aggrieved parties to recover damages. *See* 47 U.S.C. U.S.C. §§ 553(c)(3) and 605(e)(3)(C). Section 553 provides, in relevant part:

> (3)(A) Damages awarded by any court under this section shall be computed in accordance with either of the following clauses:

4

> (i) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
>
> (ii) the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.
>
> (B) In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000.

47 U.S.C 553(c)(3). Section 605 provides for higher penalties and states, in relevant part as follows:

> (C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
>
> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
>
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

5

47 U.S.C. § 605(e)(3)(C)(i)-(ii). Both Sections 553 and 605 provide for the recovery of costs and an award of reasonable attorneys' fees. *See* 47 U.S.C. §§ 553(c)(2)(C), 605(e)(3)(B)(iii).

When a defendant is liable under both 47 U.S.C. § 605 and 47 U.S.C. § 553, however, the plaintiff may recover under only one section. *See Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129 (2d Cir 1996), *cert. denied*, 519 U.S. 929 (1997); *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp.2d 59, 62 (E.D.N.Y.2006); *Joe Hand Promotions, Inc. v. Orim, Inc.*, No. 1:10 CV 00743, 2010 WL 3931108, at *2 (N.D. Ohio Oct. 5, 2010); *Joe Hand Promotions, Inc. v. Willis*, No. 5:08 CV 2786, 2009 WL 369511, at *1 (N.D. Ohio Feb. 11, 2009). Here, Plaintiff concedes this point in its brief supporting its motion for summary judgment (see Doc. 14-1 at 5). Plaintiff also concedes in its supplemental memorandum that it was unable to determine whether Defendant appropriated Plaintiff's signal through a satellite device or cable service. For this reason, the Court believes it appropriate to impose the lesser statutory violation pursuant to 47 U.S.C. § 553, along with reasonable attorneys' fees.

Although Plaintiff candidly claims no huge amount of loss, the Court recognizes that Defendant's conduct is serious, and that it has a multiplied effect. Based upon the unrefuted information contained in the affidavit of Joe Hand, Jr., President of Joe Hand Promotions, the Court also finds that the conduct was willful and for purposes of commercial advantage. The Court therefore concludes that statutory damages in the amount of $20,000.00 are appropriate in this case. In addition, Plaintiff has submitted affidavits demonstrating attorneys' fees of $1,263.00, which the Court finds reasonable.

### IV. Conclusion

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Summary judgment (Doc. 14). It is **ORDERED** that Defendant pay Plaintiff the following sums:

6

1. Statutory damages in the amount of $20,000.00, pursuant to 47 U.S.C § 553(c)(3); and

2. Attorneys' fees in the amount of $1,263.00 , pursuant to 47 U.S.C. §§ 553(c)(2)(C).

**IT IS SO ORDERED.**

____3-18-2011____
**DATED**

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE